GRIFFIN, PLAINTIFF-APPELLEE, v. VOCILA ET, DEFENDANTS-APPELLANTS.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 25912. Decided August 2, 1962.

*Mr. Harry J. Dworkin,* for plaintiff-appellee.
*Mr. Richard C. Green,* for defendants-appellants.

(HUNSICKER and DOYLE, JJ., of the Ninth Appellate District, and GRIFFITH, J., of the Seventh District, sitting by designation in the Eighth District.)

DOYLE, J. This appeal is taken from a judgment of the Municipal Court of Cleveland, entered in favor of Lawrence E. Griffin, a tenant, and against Charles and Christine Vocila, landlords, for damages to personal property occasioned by fire.

The plaintiff, Griffin, alleged in his petition that he leased the "upstairs portion" of premises owned by the defendants, "consisting of four rooms and bath, * * * on a month-to-month basis, at the rate of fifty-five dollars * * * per month"; that, while occupying it as a home, "a fire occurred, destroying the premises and the contents therein"; that "the fire was caused wholly and solely by a defective electrical wiring system existing within the walls of said building and negligently maintained in a hazardous condition by the defendants; that the defendants, in the exercise of reasonable care, knew or should have known of said defective and dangerous condition, in that the electrical wiring system of said premises was, at all times herein mentioned, within the exclusive control of the said defendants."

The defendants, Vocila, by way of answer, denied "that the * * * fire was caused in any manner by any negligence on their part; (denied) the existence of any alleged defective or dangerous wiring condition, and (denied) that the alleged electrical wiring system was within their exclusive control." They further pleaded that "the fire of which plaintiff complains was the direct and proximate result of his own carelessness and negligence in the care, use, maintenance and operation of his household * * *."

The reply of the plaintiff stated:

"* * * that under the terms of * * * (the) rental agreement the plaintiff was permitted the use of the electrical outlets and switches to the extent that they were located entirely within the suite of rooms rented to the plaintiff; that said suite was a part of a multiple unit dwelling, and that the defendants retained control of the electrical wiring system including the conduits and appurtenances which provided electricity to the various tenants; that said electrical system provided the means of electricity for the common use of all the tenants in said build-

ing, and said system was within the exclusive control of the defendants.''

By way of further reply, the plaintiff denied ''that said fire and the resulting damages were in any manner directly or proximately due to any negligence or carelessness on his part,'' and alleged ''that said damages were proximately due to the negligence of the defendants in maintaining and permitting a defective and hazardous wiring system, and in failing to exercise due car in inspecting, locating, discovering and correcting said defective system.''

The law regulating a landlord's liability to his tenant for damages to the tenant brought about through defects in, or lack of repair of, property rented, has divided juridical opinion in the various states. This state, however, has followed generally the rule pronounced in the syllabus of *Shinkle, Wilson and Kreis Co.* v. *Birney and Seymour,* 68 Ohio St., 328, to the effect that—

''The relation of lessor and lessee arises out of contract, and, where there is neither express warranty nor deceit, the latter cannot maintain an action against the former on account of the condition of the premises hired.''

In the case under review, neither express warranty nor deceit was pleaded, nor was it proved. It is therefore not before us in this appeal.

We recognize the following text as correctly reflecting judicial opinion in Ohio Cases (33 Ohio Jurisprudence (2d), Landlord and Tenant, Sec. 228):

''Agencies, Pipes, and Appliances.—In harmony with the general rules as to the responsibility of a landlord with respect to premises remaining under his control, a landlord is under a duty to exercise ordinary care with respect to agencies, pipes, and appliances under his control. A landlord is held to be under a duty to maintain in a safe condition appliances furnished and maintained by him for the common use of his tenants.''

There are no cases supporting the above text relating to defective electrical wiring. Assuming, without deciding, however, that the landlord in the case under review retained control of the electrical wiring in this two-suite building, certainly such control did not extend to wires and connections plugged

into wall sockets for the purpose of bringing a flow of electrical current into home appliances such as electric irons, fans, stoves, grills, or lighting appliances.

Upon the above premises it was incumbent upon the plaintiff to prove a causal connection between defective wiring, which we have assumed to have remained under the landlord's control, and the fire. A careful analysis of the record fails to show such connection. It was the duty of the plaintiff to adduce evidence from which reasonable minds could reach a conclusion that the landlord's negligence in maintaining the central wiring system of his building was the proximate cause of the fire, and, where the evidence is so meager and inconclusive on that point that a finding of proximate cause would rest solely on speculation and conjecture, the plaintiff has not made a case for a jury. See: *Renfroe* v. *Ashley*, 167 Ohio St., 472.

The evidence justifies a conclusion that the fire was caused by defective wiring. Whether the defect existed in the main wiring system in the premises, or whether it existed in the wires and connections used by the plaintiff for the purpose of heating or lighting his household appliances, can be decided only by guess and speculation. There is evidence which points to the fire starting from an electric iron and an ironing board. The only evidence indicating that it might be attributed to defective house wiring is testimony to the effect that, on occasion, a fuse was blown which required replacing. This evidence is too meager to justify a right of the plaintiff to recover, or even a right to have the question submitted to the jury.

The judgment will be reversed, and final judgment entered for the appellants.

Reversed and final judgment for appellants.

Exceptions. Order see journal.

Griffith, J., concurs.
Hunsicker, P. J., dissents.